IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Michael Greenwood,<br><br>                            Petitioner,<br><br>   vs.<br><br>Warden,<br><br>                            Respondent. | Civil Action No. 1:22-2135-CMC<br><br>**ORDER** |

This matter is before the court on Petitioner's *pro se* petition for writ of habeas corpus filed in this court pursuant to 28 U.S.C. § 2241. ECF No. 1.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings. On July 7, 2022, the Magistrate Judge entered a Proper Form Order directing Petitioner to pay the filing fee or complete and submit the application to proceed *in forma pauperis* ("IFP") (Form AO 240). ECF No. 4. Petitioner paid the filing fee on July 14, 2022. ECF No. 6. The Magistrate Judge then authorized service of process by the clerk. ECF No. 8.

On September 2, 2022, Respondent filed a motion to dismiss or for summary judgment. ECF No. 11. Because Petitioner was proceeding *pro se*, the Magistrate Judge entered a *Roseboro* Order, advising Petitioner of the importance of a dispositive motion and the need to file an adequate response. ECF No. 12. Petitioner did not respond to the motion. The Magistrate Judge thereafter entered an order directing Petitioner to advise the court whether he wished to continue with this case and file a response to the motion to dismiss. ECF No. 14. He was warned that if he failed to respond, the action would be recommended for dismissal for failure to prosecute. *Id*. Petitioner did not file a response to the Order or to the motion.

On November 2, 2022, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the petition for habeas corpus be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). ECF No. 16. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. The court has received no objections and the time for filing has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order and this petition is dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
November 29, 2022